IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW GARCIA,

      Plaintiff,

vs.                                                     No. CV 20-01179 MV/CG

DEPARTMENT OF CORRECTIONS, and
LISA MURRAY TRABAUDO, DEPUTY DISTRICT ATTORNEY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under Rule 41(b) of the Federal Rules of Civil Procedure on the Prisoner's Civil Rights Complaint filed by Plaintiff Andrew Garcia, on November 12, 2020. (Doc. 1). The Court dismisses this case without prejudice for failure to comply with statutes and Court Orders and for failure to prosecute.

Plaintiff Andrew Garcia filed this civil rights proceeding under 42 U.S.C. § 1983 on November 12, 2020. (Doc. 1). Plaintiff did not pay the $400.00 filing fee but submitted an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915. (Doc. 2). The application to proceed did not include the six-month inmate account statement required by § 1915. On November 16, 2020, the Court ordered Plaintiff to cure this deficiency within 30 days by submitting the required account statement. (Doc. 3). The Order advised Plaintiff that, if he failed to cure the deficiency within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 3 at 1).

On November 23, 2020 Garcia filed a six-month account statement. (Doc. 4). The Court granted Garcia leave to proceed without prepayment of fees or costs and ordered Garcia to make

1

an initial partial payment under 28 U.S.C. § 1915(b) on November 24, 2020. (Doc. 5). The November 24, 2020 Order directed Garcia to pay the initial partial payment of $40.25 or demonstrate why he should be relieved of the obligation to make the payment within 30 days of entry of the Order. (Doc. 5).

More than 30 days elapsed after entry of the November 24, 2020 Order, and Plaintiff Garcia did not pay the initial partial payment or otherwise respond to the Order. The Court entered an Order to Show Cause on January 21, 2021. (Doc. 6). The Order directed Plaintiff Garcia to show cause why the case should not be dismissed for his failure to make the initial partial payment required by 28 U.S.C. § 1915(b) and the Court's November 24, 2020 Order. (Doc. 6). More than 30 days has elapsed and Plaintiff Garcia has not responded to the January 21, 2021 Order to Show Cause, has not communicated with the Court, and has taken no action to prosecute the case.

When a prisoner is granted leave to proceed *in forma pauperis*, § 1915 provides:

> The court **shall** assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1) (emphasis added). Plaintiff's six-month inmate account statement shows that Plaintiff had an account balance sufficient to pay the initial partial payment but spends his money on commissary purchases. (Doc. 4 at 1-2). *See Shabazz v. Parsons,* 127 F.3d 1246, 1248-49 (10th Cir. 1997). "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers,* 9 F. App'x 947, 949 (10th Cir. 2001). Plaintiff Garcia has not paid the $40.25 initial partial payment or shown cause why he should be relieved of the obligation to pay.

The Court's November 24, 2020 and January 21, 2021 Orders both directed Plaintiff Garcia to make the required partial payment under § 1915(b)(1) or show cause why the payment should be excused. (Doc. 5, 6). Plaintiff Garcia has failed to make the initial partial payment and to comply with the Court's Orders. The Court may dismiss an action under Rule 41(b) for failure to prosecute or to comply with statutes, the rules of civil procedure, or court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). The Court will dismiss this case for Plaintiff's failure to comply with 28 U.S.C. § 1915(b) and the Court's November 24, 2020 and January 21, 2021 Orders and for failure to prosecute this proceeding.

**IT IS ORDERED** that Prisoner's Civil Rights Complaint filed by Plaintiff Andrew Garcia on November 12, 2020 (Doc. 1) is **DISMISSED** without prejudice under Rule 41(b) for failure to comply with 28 U.S.C. §§ 1914 and 1915, failure to comply with the Court's November 24, 2020 Order and January 21, 2021 Order to Show Cause, and failure to prosecute this case.

_____
UNITED STATES DISTRICT JUDGE